UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEVELT DEWARREN MUSGRAVES,

    Plaintiff,

v.                        Case No. 20-CV-337

PAUL S. KEMPER,

    Respondent.

# DECISION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

A jury on October 28, 1992, found Levelt DeWarren Musgraves guilty of first-degree intentional homicide while armed, and on December 15, 1992, the court sentenced him to life in prison with a parole eligibility date in the year 2020. (ECF No. 17-1 at 2.) The court concluded that Musgraves had credit for 753 days already served. (ECF No. 17-1 at 2.) Foremost in Musgraves's present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is whether those 753 days should be considered with respect to his parole eligibility date.

Musgraves first raised the issue in 2018 when he filed a motion in the circuit court seeking an order stating that his parole eligibility date should be 753 days earlier

than that determined by the Department of Corrections. The circuit court denied his motion, and on August 27, 2019, the court of appeals affirmed the decision of the circuit court (ECF No. 17-8). Musgraves did not file a petition for review with the Wisconsin Supreme Court.

On October 10, 2019, Musgraves filed a petition for a supervisory writ with the Wisconsin Supreme Court. (ECF No. 17 at 5.) In this petition Musgraves advanced certain procedural disagreements with the court of appeals, the circuit court, and the United States District Court for the Eastern District of Wisconsin that he claimed the Wisconsin Supreme Court should correct. (ECF No. 17-13 at 1-8.) The arguments are difficult to follow, but he contended, albeit in passing, that he was improperly denied 753 days credit. (ECF No. 17-13 at 9.) The Wisconsin Supreme Court denied the petition on February 11, 2020. (ECF No. 17-14.) This court received Musgrave's habeas petition on March 2, 2020. (ECF No. 1.)

Musgraves presents six grounds for relief in his petition. He argues that the Wisconsin Court of Appeals misrepresented the record when it asserted that Musgraves never raised an *ex parte* communication claim in circuit court. (ECF No. 1 at 2.) He also presents a claim he titles, "Non-Acquiescence," wherein he seems to argue that the court of appeals did not follow precedent. (ECF No. 1 at 2.) He titles his next claim, "Ex Post Facto Laws Violations," in which he argues that the court of appeals improperly relied on the 2017-18 version of the statutes rather than the version in effect in 1990.

(ECF No. 1 at 2.) His next claim is titled, "Fraud on Court," in which he argues that the state's brief to the court of appeals was improper because it was signed by an assistant attorney general who had not filed a notice of appearance in the case. (ECF No. 1 at 3.) Next, he argues that the failure to credit him with 753 days violated double jeopardy. (ECF No. 1 at 3.) Finally, he argues that the circuit court engaged in improper *ex parte* communication. (ECF No. 1 at 3.)

A federal court can "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, § 2254 does not provide relief for violations of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Whether and how a defendant is to receive sentence credit for time spent in custody prior to conviction is a matter of state law. *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002) ("an error in the interpretation of … state sentencing rules[] does not present a cognizable claim for federal habeas relief"); *Weiss v. Bartow*, No. 17-C-874, 2018 U.S. Dist. LEXIS 80428, at *8 (E.D. Wis. May 12, 2018) (holding that a claim regarding sentence credit "is a claim arising from state, not federal, law); *Anderson v. Benik*, No. 04-C-831-C, 2005 U.S. Dist. LEXIS 49871, at *7-8 (W.D. Wis. Mar. 24, 2005) ("the Constitution does not prescribe the manner in which a state must calculate prison sentences or apply a post-hoc award of sentencing credit"). Musgraves's attempt to frame his claim regarding his entitlement to 753 days of

sentencing credit as one of double jeopardy is unavailing; the claim is strictly a matter of state law, and thus not cognizable under § 2254.

The court notes that this claim is also likely untimely, *see* 28 U.S.C. § 2244(d)(1), and unexhausted, *see* 28 U.S.C. § 2254(b)(1)(A), (c). However, because the claim is not cognizable, the court need not address these additional procedural obstacles.

Musgraves's other claims similarly fail to implicate federal law (if they are claims at all). The claim that comes closest is when Musgraves argues that the court of appeals violated the *ex post facto* clause of the Constitution by citing to the 2017-18 edition of the Wisconsin Statutes. (ECF No. 1 at 4.)

In explaining why Musgraves's parole eligibility date was calculated without regard to the time he spent in custody prior to conviction, the court applied its holding from *State v. Chapman*, 175 Wis. 2d 231, 499 N.W.2d 222 (Ct. App. 1993). (ECF No. 17-8, ¶ 3.) To illustrate the application of this holding, it referred to Wisconsin's then-current statutes rather than those in force at the time of Musgraves's sentencing. (ECF No. 17-8, ¶ 4.) But the distinction was inconsequential because the statues were materially identical. *Compare* Wis. Stat. § 973.014 (2017-18) *with* Wis. Stat. § 973.014 (1991-92). The only intervening changes, *see* 1993 Wis. Act 289; 1995 Wis. Act 48; 1997 Wis. Act 283; 1997 Wis. Act 326; 1999 Wis. Act 32, did not change how time spent in custody prior to conviction impacts a parole eligibility date. Consequently, even if the court were to accept Musgraves's premise that a court's reference to current statutes could constitute a

4

violation of the ex post facto clause, the argument would fail on its merits. There was no material change in the statutes and thus no ex post facto application of law.

Accordingly, the court finds that Musgraves is not entitled to relief under § 2254 with respect to any claim presented in his petition.

Musgraves has also filed various other motions. (ECF Nos. 20, 23, 24.) To the extent that these motions are not mooted by the court's dismissal of his petition, the court finds the motions to be without merit.

**IT IS THEREFORE ORDERED** that the respondent's motion to dismiss (ECF No. 16) is **granted**. Musgraves's complaint and this action are dismissed. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Musgraves has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Therefore, a certificate of appealability is **denied.** *See* Rule 11(a), Rules Governing § 2254.

**IT IS FURTHER ORDERED** that, to the extent that Musgraves's other motions (ECF No. 20, 23, 24) are not moot, they are **denied**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment (60 days if one of the parties is, for example, the United States, a United States agency, or a United States officer or employee sued in an official capacity). *See* Federal Rule of Appellate

5

Case 2:20-cv-00337-WED    Filed 09/18/20    Page 5 of 6    Document 26

Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 18th day of September, 2020.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge