UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEVELT DEWARREN MUSGRAVES,

          Plaintiff,

v.                                       Case No. 20-CV-337

PAUL S. KEMPER,

          Respondent.

## DECISION AND ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

On September 18, 2020, the court granted the respondent's motion to dismiss and dismissed Levelt DeWarren Musgraves's petition for a writ of habeas corpus. *Musgraves v. Kemper*, No. 20-CV-337, 2020 U.S. Dist. LEXIS 172482 (E.D. Wis. Sep. 18, 2020). Judgment was entered accordingly. (ECF No. 27.)

On September 29, 2020, the court received Musgraves's "Federal Rule of Civil Procedure 60(b) Motion."[1] (ECF No. 28.) Rule 60(b) "allows a federal district court to relieve a party from a final judgment of the court on a variety of grounds,

---

[1] Although Musgraves's motion was filed within 28 days of the court's judgment, Musgraves is explicit that his motion is under Rule 60(b). Thus, the court addresses the motion under Rule 60(b) rather than Rule 59(e). But the ultimate outcome would be the same under Rule 59(e) because Rule 59(e) is likewise an improper vehicle for raising new arguments, *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020), and Musgraves's arguments otherwise fail on their merits.

including 'mistake,' 'fraud,' and 'newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial,' and 'any other reason justifying relief from the operation of the judgment.'" *Dunlap v. Litscher*, 301 F.3d 873, 875 (7th Cir. 2002); *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). However, petitioners cannot use Rule 60(b) to circumvent the Antiterrorism and Effective Death Penalty Act's prohibition on second or successive habeas petitions. *Dunlap*, 301 F.3d at 875. Thus, if a petitioner by way of a Rule 60(b) motion is simply arguing that the district court erred in denying the petition on the merits, the motion is barred as an impermissible second or successive petition. *Gonzalez*, 545 U.S. at 532.

In explaining why Musgraves was not entitled to relief on his *ex post facto* law claim, the court noted that the 1991-92 version of Wis. Stat. § 973.014 was materially identical to the 2017-18 version that the court of appeals cited when explaining its decision. *Musgraves*, 2020 U.S. Dist. LEXIS 172482, at *4-5. Musgraves argues that the court should have looked at the 1989-90 version of the statutes, those in effect at the time of his crime, rather than the 1991-92 version in effect at the time of his sentencing. (ECF No. 28 at 1-2.)

The 1989-90 version of Wis. Stat. § 973.014 states:

When a court sentences a person to life imprisonment for a crime committed on or after July 1, 1988, the court shall make a parole eligibility determination regarding the person and choose one of the following options:

(1) The person is eligible for parole under s. 304.06(1).

2

(2) The person is eligible for parole on a date set by the court. Under this subsection, the court may set any later date than that provided in s 304.06(1), but may not set a date that occurs before the earliest possible parole eligibility date as calculated under s. 304.06(1).

The 1991-92 version of Wis. Stat. § 973.014 states:

When a court sentences a person to life imprisonment for a crime committed on or after July 1, 1988, the court shall make a parole eligibility determination regarding the person and choose one of the following options:

(1) The person is eligible for parole under s. 304.06(1).

(2) The person is eligible for parole on a date set by the court. Under this subsection, the court may set any later date than that provided in s. 304.06(1), but may not set a date that occurs before the earliest possible parole eligibility date as calculated under s. 304.06(1).

In other words, the statutes are identical. Therefore, even if the court were to accept that the statutes in force at the time of the crime rather than those in force at the time of sentencing controlled the procedures applicable to Musgraves's sentence, the distinction is immaterial.

The 2018-19 version of Wis. Stat. § 973.014, on which the court of appeals relied, states:

(1) Except as provided in sub. (2), when a court sentences a person to life imprisonment for a crime committed on or after July 1, 1988, but before December 31, 1999, the court shall make a parole eligibility determination regarding the person and choose one of the following options:

(a) The person is eligible for parole under s. 304.06 (1).

> (b) The person is eligible for parole on a date set by the court. Under this paragraph, the court may set any later date than that provided in s. 304.06 (1), but may not set a date that occurs before the earliest possible parole eligibility date as calculated under s. 304.06 (1).
>
> (c) The person is not eligible for parole. This paragraph applies only if the court sentences a person for a crime committed on or after August 31, 1995, but before December 31, 1999.

The 2018-19 statute reflects changes applicable to persons who committed crimes after Musgraves, but the portion relevant to him, Wis. Stat. § 973.014(1)(b), remained identical to its predecessor, Wis. Stat. § 973.014(2) (1989-90), except for a semantic change from "subsection" to "paragraph" to reflect the reorganization of the statute.

In sum, there could be no error in the court of appeals citing to the 2018-19 version of the statute or this court citing the 1991-92 version of the statute because the portion relevant to Musgraves and interpreted by the Wisconsin Court of Appeals in *State v. Chapman*, 175 Wis. 2d 231, 499 N.W.2d 222 (Ct. App. 1993), remained unchanged over time.

Musgraves also seems to take issue with the court's rejection of his claim that the circuit court engaged in improper *ex parte* communication. His argument is difficult to follow, but it appears he may be arguing that the court erred by not considering the circuit court's alleged *ex parte* communication as a matter of equal protection. (ECF No.

28 at 3.) The court rejected this claim initially, noting that the claim did not implicate federal law. *Musgraves*, 2020 U.S. Dist. LEXIS 172482, at *4.

The court has not identified any instance in his petition or supportive briefs where Musgraves framed his *ex parte* communication claim in terms of equal protection. The court having rejected Musgraves's petition because it did not present a federal claim, he cannot reframe his argument in a motion under Rule 60(b). To do so would constitute an impermissible second or successive petition. *See Gonzalez*, 545 U.S. at 531.

Notwithstanding this defect, the court also rejects the premise of Musgraves's argument—that the circuit court's actions were improper. When Musgraves first raised the issue of whether the 753 days he spent in custody prior to sentencing should be considered in calculating his parole eligibility date, Musgraves failed to provide the circuit court with the Department of Corrections' sentence computation form. (ECF No. 19-1 at 3.) Rather than requiring Musgraves provide it so it could resolve the motion, the circuit court contacted the Department of Corrections and obtained the record. (ECF No. 19-1 at 3.) There is nothing improper, much less unconstitutional, in a court obtaining such an official record necessary to the adjudication of a motion and thereby relieving a pro se litigant of the obligation to do so. Significantly, Musgraves does not raise any challenge to the accuracy of this document or its relevance to the proceeding. His argument is strictly with the manner in which the court obtained the record.

Finally, Musgraves has not demonstrated that the manner in which the circuit court obtained the record had any impact on his custody. Whether the circuit court obtained the record through its own efforts or by requiring Musgraves to obtain it and submit it to the court, he would be in custody all the same. Thus, it is a claim for which habeas does not provide relief.

**IT IS THEREFORE ORDERED** that Musgraves's "Federal Rule of Civil Procedure 60(b) Motion" is **denied**.

Dated at Milwaukee, Wisconsin this 30th day of September, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge